IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| ROBERT FELTS, | : | CIVIL ACTION |
| --- | --- | --- |
|     Petitioner, | : | |
| | : | |
| v. | : | |
| | : | |
| MICHAEL WENEROWICZ, et al., | : | NO. 10-0438 |
|     Respondents. | : | |

## REPORT AND RECOMMENDATION

**LINDA K. CARACAPPA**
**UNITED STATES MAGISTRATE JUDGE**

Now pending before this court is a petition for Writ of Habeas Corpus, filed pursuant to 28 U.S.C. § 2254, by a petitioner currently incarcerated in the State Correctional Institution at Frackville, in Frackville, Pennsylvania. Petitioner has also filed a Motion to Stay the habeas proceedings. For the reasons which follow, it is recommended that the petition for habeas corpus relief be DENIED and DISMISSED. It is also recommended that the Motion to Stay be DENIED.

I.     PROCEDURAL HISTORY

On February 4, 2003, following a jury trial presided over by the Honorable Jane Cutler Greenspan of the Philadelphia Court of Common Pleas, petitioner was convicted of first degree murder, three (3) counts of robbery, burglary conspiracy, violation of the Uniform Firearms Act ("VUFA"), possession of an instrument of crime ("PIC"), and two (2) counts of recklessly endangering another person ("REAP"). These charges stemmed from a robbery and shooting that occurred in a Philadelphia residence in June 2001. Thereafter, on March 31, 2003,

petitioner was sentenced to life imprisonment for the murder charge, a concurrent ten (10) to twenty (20) years for the robbery charge, a concurrent ten (10) to twenty (20) years on the burglary charge, a concurrent two (2) to five (5) years on the conspiracy charge, a concurrent two (2) to five (5) years for the VUFA charge, a concurrent two (2) to three (3) years on the PIC charge, and a concurrent one (1) to two (2) years on the REAP charge.

Petitioner filed a direct appeal to the Pennsylvania Superior Court alleging the following: (1) the court erred in denying petitioner's motion to suppress a statement; (2) the evidence was insufficient to sustain a first degree murder verdict; and (3) the court erred in denying petitioner's motion for a mistrial based on the Commonwealth's misrepresentation concerning DNA evidence. On May 10, 2004, the Superior Court affirmed petitioner's judgment of sentence. The petitioner filed a petition for allowance of appeal with the Pennsylvania Supreme Court, which the court denied on September 17, 2004. Petitioner did not seek review in the United States Supreme Court.

On August 26, 2005, petitioner filed a petition pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*. Counsel was appointed and an amended petition was filed alleging trial counsel ineffectiveness for: (1) failing to introduce hospital records in support of petitioner's claim that his confession was involuntary; (2) failing to object when the court granted co-defendant's motion to sever; (3) failing to seek a plea deal after the co-defendant's case was severed for trial; (4) failing to object to the court's charge on accomplice liability; and (5) failing to challenge on appeal the weight of evidence adduced to support the verdict for first degree murder. On February 22, 2007, the PCRA court dismissed the petition without a hearing. Petitioner subsequently appealed the PCRA court's ruling. On December 30,

2008, the Superior Court affirmed the PCRA court's dismissal of the petition. Petitioner sought *allocatur* to the Pennsylvania Supreme Court, which the court denied on June 10, 2009.

On December 15, 2009, petitioner filed a second *pro se* PCRA petition with the Court of Common Pleas alleging ineffective assistance of PCRA counsel for failing to raise in the amended the petition the following errors of trial counsel: (1) failure to object to hearsay medical evidence; (2) failure to request an instruction about the voluntariness of a confession; (3) improper stipulation to evidence from a minor witness; (4) failure to correct the trial court's misstatement of witness testimony; (5) failure to investigate the criminal history of a Commonwealth witness; and (6) failure to object to prosecutorial misconduct wherein the prosecutor elicited testimony revealing that petitioner was incarcerated. This petition is still pending in the state court.

On January 29, 2010, petitioner filed the instant petition for habeas corpus relief, alleging:

    (1)    ineffective assistance of counsel for failure to present medical records during suppression hearing to prove involuntariness of confession;

    (2)    the trial court denied petitioner the right to a fair trial by severing co-defendant's trial but failing to select a different jury;

    (3)    ineffective assistance of counsel for failure to object to hearsay evidence;

    (4)    ineffective assistance of counsel for failure to request voluntariness instruction;

    (5)    ineffective assistance of counsel for failure to request competency hearing of a minor witness;

    (6)    ineffective assistance of counsel for failure to correct trial court's misstatement of testimony;

(7) ineffective assistance of counsel for failure to investigate criminal background of prosecution witness; and

(8) ineffective assistance of counsel for failure to object to prosecutor's revealing defendant's incarcerated status.

Subsequent to the filing of this habeas petition, on April 14, 2010, petitioner filed a Motion to Stay the habeas proceedings. Respondents argue that all of petitioner's habeas claims are procedurally defaulted, untimely, or both, and that this court should dismiss the petition with prejudice. Respondents also request that the court deny petitioner's Motion to Stay. We agree that petitioner's habeas petition is untimely and should be dismissed, and further agree that petitioner's Motion to Stay should be denied.

II. TIMELINESS

Petitioner's allegations of substantive grounds for relief need not be examined, as these claims are barred by the procedural obstacle of timeliness. A strict one-year time limitation on the filing of new petitions is set forth in the federal habeas statute, 28 U.S.C. § 2241, *et seq.*, which was amended under the Anti-Terrorism and Effective Death Penalty Act ("AEDPA"), enacted in April 24, 1996. Under section 2244(d), the AEDPA provides:

> A 1-year period of limitation shall apply to an application for a Writ of Habeas Corpus by a person in custody pursuant to the judgment of a state court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by state action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such state action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court and made retroactively applicable to cases on collateral

review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1) (1996).

This statute also creates a tolling exception, which notes that "[t]he time during which a properly filed application for state post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection." 28 U.S.C. § 2254(d)(2). A "properly filed application" is "one submitted according to the state's procedural requirements, such as the rules governing the time and place of filing." Lovasz v. Vaughn, 134 F.3d 146, 148 (3d Cir. 1998). If a petitioner files an out-of-time application and the state court dismisses it as time-barred, then it is not deemed to be a "properly filed application" for tolling purposes. Merrit v. Blaine, 326 F.3d 157, 165-66 (3d Cir. 2003).

Applying the AEDPA limitations period to the instant case, petitioner's judgment of sentence became final on December 16, 2004, when the time for petitioner to appeal to the U.S. Supreme Court expired. See S.Ct.R. 13(1). Thus, petitioner's one year limitations period in which to file for habeas corpus relief began to run on December 16, 2004. Absent tolling of the limitation period, petitioner had until December 16, 2005, to file a § 2254 petition. However, petitioner filed a petition for collateral relief on August 26, 2005, after two-hundred fifty-four (254) days of the limitations period had passed. Review of this first PCRA petition concluded on June 10, 2009, when the Pennsylvania Supreme Court denied *allocatur*. At this time, petitioner had one-hundred eleven (111) days remaining, or until September 29, 2009, in

5

which to file a timely habeas petition.

Petitioner filed a second PCRA petition on December 15, 2009. This second attempt at obtaining collateral relief did not, however, further toll the habeas limitations period for several reasons. Most importantly, a timely habeas petition was due to be filed by September 29, 2009, which was *prior to* the filing of petitioner's second PCRA petition.

Moreover, statutory tolling under § 2244(d)(2) is only appropriate where the petition for collateral relief was "properly filed." An untimely PCRA petition is not "properly filed" for purposes of the AEDPA. See Pace v. DiGuglielmo, 544 U.S. 408, 417 (2005). While the state court has not yet ruled on petitioner's second PCRA petition, it is unlikely that the PCRA court will find petitioner's second PCRA petition to be timely. Pursuant to the Post Conviction Relief Act, any PCRA petition, including *second or subsequent* petitions, must be filed within one year of the date petitioner's judgment of sentence became final, unless an exception to the time limitation is pled and proved. 42 Pa. C.S. § 9545(b)(1). To meet the narrow exceptions to the time-bar, petitioner must demonstrate to the state court one of the following: governmental interference, newly discovered evidence, or a newly recognized, retroactive constitutional right. Id. In addressing the timeliness of his second PCRA petition, petitioner first vaguely argues that he meets the newly discovered evidence exception because of the ineffectiveness of his post-conviction counsel. (PCRA Petn., 12/14/2009, at 3-4). Nevertheless, there is no constitutional right to post-conviction counsel, Pennsylvania v. Finley, 481 U.S. 551, 554-55 (1987), so it is unlikely that the state court will find this a valid underlying predicate to the time-bar exceptions under the PCRA.

Second, petitioner argues that he meets the governmental interference exception to

the post-conviction time bar. In support, petitioner claims that the Prothonotary, a governmental official, failed to timely inform him that the Supreme Court denied him *allocatur*. Petitioner further argues that although petitioner was represented by counsel, the Prothonotary had an obligation to inform petitioner, himself, of the denial, and that by the time petitioner was made aware, in October 2009, it was too late to file a subsequent post-conviction petition invoking a time-bar exception. In light of the Pa.R.Crim. P. 114(B)(1), which establishes that a copy of any order or court notice shall be served on each party's attorney, or the party, if unrepresented, it is unlikely that the PCRA court will find that petitioner has met the governmental interference exception.

Petitioner filed the present habeas petition on January 29, 2010, four months after the AEDPA's period of limitation expired. Since petitioner failed to file his § 2254 petition within the one-year period of limitation, the petition is time-barred. See Miller v. New Jersey Dep't of Corrections, 145 F.3d 616, 617-18 (3d Cir. 1998).

While the instant petitioner is unable to sufficiently toll the habeas limitations period statutorily, the principle of equitable tolling may enable him to overcome the limitations period. The Third Circuit has held that the statute of limitations in the AEDPA is subject to equitable tolling. Merrit, 326 F.3d at 168. Equitable tolling is proper only when the "principles of equity would make [the] rigid application [of a limitation period] unfair." Id. (quotation omitted). The petitioner "must show that he or she exercised reasonable diligence in investigating and bringing [the] claims. Mere excusable neglect is not sufficient." Miller, 145 F.3d at 618-619 (internal quotation omitted). The Third Circuit has set forth three circumstances permitting equitable tolling: (1) if the defendant has actively misled the plaintiff; (2) if the

7

plaintiff has in some extraordinary way been prevented from asserting his rights; or (3) if the plaintiff has timely asserted his rights, but has mistakenly done so in the wrong forum. Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999) (internal quotations omitted). "In non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001), cert. denied, 122 S. Ct. 323 (2001) (citing cases). To otherwise apply equity would lose the rule of law to whims about the adequacy of excuses, divergent responses to claims of hardship, and subjective notions of fair accommodation." Harris v. Hutchinson, 209 F.3d 325, 330 (4th Cir. 2000).

Petitioner, here, has failed to allege, let alone demonstrate, that any valid circumstances exist to equitably toll the AEDPA statute of limitations. Other than present eight claims for habeas relief in his petition, petitioner has not addressed the timeliness of the petition. Therefore, we decline to exercise our equitable tolling powers, and reiterate that petitioner's request for habeas corpus relief is time-barred. Accordingly, the instant petition for habeas corpus relief should be dismissed in its entirety.

With respect to petitioner's Motion for Stay, petitioner acknowledges that several of his habeas claims are unexhausted. Based on review of petitioner's direct and collateral appeal briefs, we find that claims 3, 4, 5, 6, 7, and 8 of the habeas petition were raised in the second PCRA petition, which is still pending with the state court. However, claims 1 and 2 of the habeas petition were raised on collateral appeal and were reviewed and rejected by the Superior Court as meritless. (Superior Court Opinion, 12/30/2008).

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court approved a stay-

and-abeyance procedure, under which a district court may stay a habeas petition and hold it in abeyance while the petitioner returns to state court to exhaust his previously unexhausted claims. Id. at 275. While petitioner is unlikely to succeed with the claims raised in his second PCRA petition, due to the time bar, the state court's eventual ruling on this does not affect our review of petitioner's Motion for Stay.

We do not believe a stay of the instant habeas petition is warranted here because the petition is untimely. In discussing the circumstances in which a stay is appropriate, both the Supreme Court and the Third Circuit have noted the timeliness of the habeas petition. See Rhines, 544 U.S. at 275; Crews v. Horn, 360 F.3d 146, 150 (2004). Moreover, the court has denied motions for stay where the habeas petition ultimately was found to be untimely. Postley v. Rozum, 2009 WL 5217074, at *5 (E.D. Pa. Dec. 30, 2009), Jones v. Piazza, 2007 WL 789597, *4 (E.D. Pa. Mar. 13, 2007), Frazier v. Stickman, 389 F.Supp 2d 623, 627 (E.D. Pa. Aug. 19, 2005)(refusing to grant a stay where the AEDPA limitations period expired *before* the pending PCRA petition was filed). Based on the foregoing, a stay-and-abeyance is inappropriate in the instant case. While a stay of the habeas petition is not warranted, petitioner is not precluded from filing a subsuquent habeas petition should some equitable tolling exception exist to overcome the AEDPA statute of limitations.

Therefore, I make the following:

RECOMMENDATION

AND NOW, this_____ day of May, 2010, IT IS RESPECTFULLY RECOMMENDED that the petition for Writ of Habeas Corpus (Doc. No. 1) be DENIED and DISMISSED. It is also RECOMMENDED that the Motion to Stay (Doc. No. 9) be DENIED. Further, there is no probable cause to issue a certificate of appealability.

BY THE COURT:

/s/ LINDA K. CARACAPPA
LINDA K. CARACAPPA
UNITED STATES MAGISTRATE JUDGE